**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-22-00791-TUC-RM (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Jorge Luis Carrillo-Moreno, | |
| Defendant. | |

Pending before the Court is the Government's Motion for Reconsideration of the Court's Order (Doc. 52) and Defendant's Response (Doc. 53). For the following reasons, the Motion for Reconsideration will be denied.

The Court's April 24, 2023 Order (the "Order") granted Defendant's Objection to the Magistrate Judge's Report and Recommendation ("R&R") and Motion to Dismiss Indictment. (Docs. 12, 34, 48.) The Order concludes that Defendant's 2012 expedited removal order violated due process by virtue of fundamental unfairness and prejudice because, as Defendant never submitted an application for admission, there was no basis for a determination that Defendant was inadmissible under 8 U.S.C. § 1182(a)(7). In light of *Torres v. Barr*, 976 F.3d 918 (9th Cir. 2020), the Court declined to conclude that 8 U.S.C. § 1225 permits an immigration officer to apply 8 U.S.C. § 1182(a)(7) to noncitizens who are physically but unlawfully present in the United States. (*See* Doc. 48.)

The Government's Motion for Reconsideration argues that (1) Defendant has not shown that he was improperly deprived of any judicial review to which he was entitled

under 8 U.S.C. § 1326(d)(2)[1] and (2) Defendant has not shown that the removal order was fundamentally unfair,[2] insofar as he has not shown that his due process rights were violated or that he suffered harm or prejudice. (Doc. 52.) The Government contends that an alien seeking admission has no constitutionally protected due process rights in his expedited removal proceeding. (*Id*. at 3.) The Government further contends that the Court exceeded its jurisdiction by improperly reviewing the merits of the expedited removal order. (*Id*. at 3-4.)

In response, Defendant argues first that the Government's argument regarding judicial review fails because the law is well-settled that an expedited removal order does not provide for judicial review. (Doc. 53 at 1-2 (citing *United States v. Ochoa-Oregel*, 904 F.3d 682, 685 (9th Cir. 2018) ("An alien who has been removed through expedited removal proceedings automatically satisfies the requirements for exhaustion and deprivation of judicial review."))) Defendant argues that the cases upon which the Government relies address the issue of judicial review of administrative proceedings, not a collateral attack on a removal order in criminal proceedings, and therefore do not apply here. (*Id.* at 2.) Secondly, Defendant argues that he has properly raised a due process challenge to his expedited removal order via the instant collateral challenge in his criminal proceeding, and there is no legal authority indicating that this Court lacks jurisdiction over the matter. (*Id.* at 2-3.)

Motions for reconsideration should only be granted in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been

---

[1] An alien may not challenge the validity of a deportation order until he demonstrates that (1) he exhausted available administrative remedies; (2) the deportation proceedings deprived him of the opportunity for judicial review; and (3) the deportation order was fundamentally unfair. 8 U.S.C. § 1326(d).

[2] To establish fundamental unfairness, a defendant must show that the underlying proceeding violated his due process rights, and that the violation caused him actual prejudice. *United States v. Vega-Ortiz*, 822 F.3d 1031, 1034 (9th Cir. 2016). Removal on illegitimate grounds is sufficient to show prejudice, even if an alien was otherwise removable. *United States v. Ochoa-Oregel*, 904 F.3d 682, 686 (9th Cir. 2018).

brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (a motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"). "Manifest error" is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (internal quotation omitted).

Motions for reconsideration may not repeat any argument made in support of or in opposition to the underlying motion. LRCiv 7.2(g)(1); *see also Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (a motion for reconsideration should not be used to repeat an argument already presented to and rejected by the court). Motions for reconsideration should not be used to ask a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife*, 909 F. Supp at 1351 (citations omitted). Nor should motions for reconsideration be "used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Whether to grant a motion for reconsideration is left to the sound discretion of the trial court. *Navajo Nation*, 331 F.3d at 1046.

Having considered the parties' arguments and the applicable standard of review, the Court will deny the motion for reconsideration. The Government has not raised new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. Nor has the Government convincingly shown manifest error. The Order considered and analyzed the relevant case law and statutes and explained the Court's reasoning regarding their application to Defendant's case. Ultimately the Court relied primarily on *Torres* to reach its conclusions. The Government presents legal arguments disputing the Court's findings, but it has not demonstrated that the Court's reliance on *Torres* was clear error.

Furthermore, the Court is unconvinced by the Government's arguments regarding judicial review of expedited removal orders. The Government has not provided a basis for the Court to reconsider its decision—with which the Magistrate Judge agreed—that Defendant satisfied the requirement of § 1326(d)(2).[3] The Government's arguments regarding the Court's jurisdiction are likewise unavailing, as it is clear the Court has jurisdiction over Defendant's collateral challenge to his removal. Furthermore, there is no reason why the Government could not have raised this argument previously.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 52) is **denied**.

Dated this 5th day of June, 2023.

_____
Honorable Rosemary Márquez
United States District Judge

---

[3] The Magistrate Judge found that Defendant carried his burden of showing he was deprived of judicial review in his expedited removal proceeding. (Doc. 34 at 4.) The Government did not object to this finding. Accordingly, the Government waived the argument that it now raises. *See* Fed. R. Crim. P. 59(b)(2) (failure to object to the findings and recommendations of the magistrate judge "waives a party's right to review").